**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ONEILA VICKI BYRD** § | | **PLAINTIFF** |
| § | | |
| **v.** § | | **CAUSE NO. 1:06CV121 LG-JMR** |
| § | | |
| **SAM'S EAST, INC.** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [20] filed by the Defendant, Sam's East, Inc. Plaintiff has filed a response, and the Defendant has replied. After due consideration of the submissions, it is the Court's opinion that there is no question of material fact for the jury in this premises liability case. The Defendant's Motion will therefore be granted.

DISCUSSION

Facts and Procedural History:

Plaintiff, Oneila Vicki Byrd, was injured while shopping at the Sam's Club in Gulfport, Mississippi. Byrd testified in her deposition that she was walking down the automotive tool aisle in Sam's when, out of the corner of her eye, she saw something falling off the shelf near her. Def. Ex. 4, 22-23. The object was falling from the display shelf, slightly above Byrd's eye level. *Id.* at 26, 49. She testified: "I reached out to grab it to keep it from hitting me. And the next thing I know, I'm on the floor. That's all I remember. What it was, I couldn't even tell you." *Id.* at 23. She had some kind of wire in her hand "whenever I kind of came to." *Id*. at 25. The wire was attached to a box that had landed on the floor next to her. *Id.* at 29. There were "a couple of little boxes on the floor too." *Id* at 28. The fall injured her knee. *Id*. at 31. Byrd's husband, who had been down the aisle from her, went to request help from Sam's employees, two of whom helped Byrd to her feet.

*Id*. at 23, 38.  While Byrd was sitting on the floor, somebody picked the box up and moved it, although she does not remember who moved it or where it was moved to. *Id*. at 39-40.  One of the Sam's employees helped Byrd to the front of the store, where she spoke with the manager.  *Id*. at 31. After leaving the store, Byrd sought medical attention for her knee.  *Id.* at 39.

Byrd filed her complaint against Sam's in Harrison County Circuit Court alleging that Sam's was negligent in failing to provide a reasonably safe business premises.  Sam's thereafter removed the case to this Court, and now requests judgment as a matter of law on Byrd's negligence claim.

Business Premises Liability:

There is no dispute that Byrd was a business invitee on Sam's premises at the time of her injury.  "Under Mississippi law, proof of an injury of a business invitee is not the basis for premises liability, rather negligence of the business owner must be shown."  *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007) (citation omitted).  The operator of a business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. *Id.*  However, the business operator is not the insurer against all injuries.  *Id.*  "To prove that the business operator was negligent, the plaintiff must show either (1) the operator caused the dangerous condition, or (2) where a third person unconnected with the store's operation caused the condition, that the operator had actual or constructive knowledge of the condition."  *Id*.

Byrd's allegations are that Sam's caused the dangerous condition by incorrectly placing a box on the display shelf; she does not attempt to show that a third person caused the dangerous condition.  Therefore, the Court must examine Byrd's evidence that Sam's caused the dangerous condition.

"Under well-established Mississippi law, negligence may be proved by circumstantial evidence, provided that the circumstances are sufficient to take the case 'out of the realm of conjecture and place it within the field of legitimate inference.'" *Thomas v. Great Atl. and Pac. Tea Co., Inc.* 233 F.3d 326, 329-30 (5th Cir. 2000) (citation omitted). "If proof of causation is to be established circumstantially, the evidence must be sufficient to make the plaintiff's asserted theory *probable,* not merely *possible;* and it is usually for the trier of fact to say whether the proffered circumstantial evidence meets this test." *Id.* at 330 (emphasis in original). The inference must cover all of the necessary elements of negligence, and must point to a breach of defendant's duties. *Dees v. Campbell*, 183 So.2d 624 (Miss. 1966).

In support of her theory, Byrd offers her own testimony, set out above, and points to the lack of evidence that the incident did not occur as she says. There were no witnesses identified by either party. When Sam's Club employees arrived at the scene, they saw no items out of place, or boxes on the floor. Def. Ex. 5, 22; Def. Ex. 7 & 8. Byrd could not identify the exact item that had fallen, but "surmised" it was a battery charger. Def. Ex. 7 ¶ 4. The battery charger on the display shelf at the time was secured by a cable so that it could not fall off or be removed from the shelf. *Id*. at ¶5.

Byrd urges the Court to allow the jury to infer negligence under the doctrine of res ipsa loquitur. "Res ipsa loquitur is nothing more than one form of circumstantial evidence." *Dees v. Campbell*, 183 So.2d at 624. "The procedural effect of a res ipsa case is a matter of the strength of the inference to be drawn, which will vary with the circumstances of the case." *Id.* The doctrine of res ipsa loquitur "should be cautiously applied and is of limited extent." *J.C. Penney Co. v. Evans*, 160 So. 779, 781 (Miss. 1935). According to Byrd, the box that fell from the display shelf could only have been placed there by Sam's personnel. She argues that the jury could therefore conclude

that a box of merchandise was stored, stacked, or placed on the display shelf in an unsecured and unsafe manner, and that the box fell without the intervention of the Plaintiff or a third party, justifying application of res ipsa loquitur.

The Court finds the doctrine of res ipsa loquitur inapplicable under the facts of this case. In the Court's opinion, Byrd is asking that the jury be allowed to speculate about how the box she saw falling came to be on the display shelf. The only evidence bearing on the placement of items on that shelf indicates that the items are attached to a cable and cannot be removed or fall from the shelf. Byrd is not sure of what fell, and has not provided any evidence that it is more likely that a Sam's employee placed the fallen item on the shelf rather than another customer. Thus, Byrd has shown it is *possible* that a Sam's employee placed a box on the shelf improperly or negligently, but she has not shown the same is *probable*. The evidence produced in this case is not sufficient to take it out of the realm of conjecture and place it within the field of legitimate inference. The Court therefore concludes that Byrd has failed to show that there is a question of material fact for the jury as to Sam's East's negligence. Accordingly, summary judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion for Summary Judgment [20] filed by the Defendant, Sam's East, Inc., is **GRANTED**. Plaintiff's claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 31st day of October, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE